**JD**

JUNE 8, 2012

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

FEDERAL FORMAL COMPLAINT & CASE FILING

MARY J. SCOTT

     PLAINTIFF

     V.

**12    3252**

FAYE RIVA COHEN, ESQUIRE
DAVID OH, ESQUIRE
JEFFREY D. SNYDER, ESQUIRE
BRUCE M. LUDWIG, ESQUIRE
LARRY PITT, ESQUIRE
DEPUTY ATTORNEY GENERAL HOWARD G. HOPKIRK
SENIOR DEPUTY ATTORNEY GENERAL SUE ANN UNGER
MARY KAY HENRY, SERVICES EMPLOYEES INTERNATIONAL UNION

                   DEFENDANTS

I, MARY J. SCOTT, PRO SE, AM PETITIONING THE FEDERAL COURT AS
THE RESULT OF A FRAUDULENTLY WRIT OF EXECUTION NOTICE FILED
BY ATTORNEY FAYE RIVA COHEN ON MAY 31, 2012, WITH THE PHILA.
SHERIFF"S OFFICE.  ATTORNEY FAYE RIVA COHEN, FILED A FRAUDULENT
CLAIM IN PHILA. MUNICIPAL COURT ON 12/14/07, FOR $11,689.57,
WHERE SHE LISTED THAT SHE LITIGATED MY FEDERAL COURT CASE FILED
ON JUNE 17, 2002.    ATTORNEY FAYE RIVA COHEN, FILED FEDERAL
SUMMONS, UNDER CV DOCKET 02-03799-JUDGE JAN E. DUBOIS, CALLS
TO SENIOR DEPUTY ATTORNEY SUE ANN UNGER, ATTORNEY JEFFREY D.
SNYDER, WHO WAS WITH THE LAW FIRM OF DAVID OH, ATTORNEY LARRY

FEDERAL FORMAL COMPLAINT
PAGE 2.


PITT, ATTORNEY BRUCE LUDWIG, ATTORNEY GERALD J. POMERANTZ, PSSU-
S.E.I.U. ONGOING CONTRACT VIOLATIONS, CLASS ACTION SUIT,
WHISTLEBLOWER FILING, REGARDING THE STATE OF PA. FAILING TO
IMPLEMENT THE SUPPLEMENTAL INSURANCE BENEFIT IN CONJUNCTION
WITH THE STATE OF PA. WORKERS COMPENSATIONS & SOCIAL SECURITY
DISABILITY LAWS THAT WERE ENACTED IN 1973, AND LISTED IN EVERY
CONTRACT AGREEMENT WITH PSSU/PESEA/SEIU, SINCE 1978.  ATTORNEY
FAYE RIVA COHEN, CONTACTED THE WORKER'S COMPENSATION APPEAL
BOARD, DONNA D. MCQUIGGAN ON NOVEMBER 19, 2002 via fax, VERIFIED
THAT THERE REVIEW BOARD IS LIMITED TO A DETERMINATION OF WHETHER
THERE WAS AN ERROR OR ABUSE OF THE LAWS, AND WAS UNABLE TO ACCEPT
EVIDENCE, AND DO NOT ISSUE SUBPOENAS.
ATTORNEY FAYE RIVA COHEN, FRAUDULENTLY SUBMITTED A MOTION TO
DISMISS, ON 12/11/02, AND FILED MY ORIGINAL FEDERAL COURT CASE
02-cv-03799, WITH JUDGE JAN E. DUBOIS, AND FILE MY CASE WITH
THE WORKERS COMPENSATION APPEAL BOARD, WITH ADMINISTRATIVE
JUDGES AND NOT LAW JUDGES, ON 1/17/03, WITH THE KNOWLEDGE THAT
NO LEGAL ACTION COULD BE ADJUDICATED.
ATTORNEY FAYE RIVA COHEN, FRAUDULENT FILING WITH AN APPEAL BOARD,
DISMISSAL OF FEDERAL COURT CASE, WITH THE DEFENDANTS UNDERMINED
ALL COURT CASES FILED BY THE PLAINTIFF, MARY J. SCOTT, PRO SE,
IN SEEKING A LEGAL CORRECTION, AND TO STOP ALL EMPLOYMENT &
FRAUDULENT ILLEGAL ACTIONS & HARASSMENT LEVIED AGAINST ME IN
PHILA. MUNICIPAL COURT BY ATTORNEY FAYE RIVA COHEN.


I, MARY J. SCOTT, AM SEEKING THAT THE FRAUDULENT WRIT OF
EXECUTION ORDER IS TERMINATED.
I, MARY J. SCOTT, AM SEEKING A MONETARY JUDGMENT AGAINST ATTORNEY
FAYE RIVA COHEN IN THE AMOUNT OF FOUR MILLION DOLLARS, AND ONE
MILLION DOLLARS EACH AGAINST THE DEFENDANTS FOR ILLEGAL
MALPRACTICE, WITH ILLEGAL CONTRACTS LITIGATED BY THE DEFENDANTS.


THE HIGHEST LEVEL OF FRAUD WAS COMMITTED BY THE DEFENDANTS,
WITH THE HIGHEST LEVEL OF LEGAL ACTIONS ARE WARRANTED.
ALL COURT COST & LEGAL FEES ARE TO BE PAID BY THE DEFENDANTS,
IF THEY FAIL TO PLEAD NO CONTEST.

FEDERAL FORMAL COMPLAINT
PAGE 3.


I, MARY J. SCOTT, AM SEEKING DISBARMENT OF ATTORNEY FAYE RIVA
COHEN, IN THE STATE OF PENNSYLVANIA, BASED ON DOCUMENTED FRAUD.


I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION FILLED
IN IS TRUE AND CORRECT.

   SUBMITTED UNDER THE WHISTLEBLOWERS ACT.

_6/8/12_                         *Mary J. Scott*
                                 MARY J. SCOTT, PRO SE
                                 1152 E. PHIL ELLENA ST.
                                 PHILA. PA. 19150

                                 (215)924-5204


CC: US JUSTICE DEPT.



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge      Patricia R. McDermott, Deputy Court Administrator

# SC-07-12-14-5464

| | |
|---|---|
| Faye Riva Cohen, Esquire<br>2047 Locust Street<br>Philadelphia, PA 19103 | Mary J. Scott<br>1152 E. Phil Ellena Street<br>Philadelphia, PA 19150 |
| *Plaintiff(s)* | *Defendant(s)* |

The PNC Financial Services Group, AKA/DBA:
PNC Bank                                   **ATTEST**

*Garnishee(s)*

**MAY 04 2012**

FAYE R COHEN

**NORA TAYLOR**

Petitioner/Attorney
Attorney # 018839

Address &    2047 LOCUST STREET
Phone        PHILADELPHIA, PA 19103
             215-563-7776

## WRIT OF EXECUTION NOTICE

This paper is a Writ of Execution. It has been issued because there is a judgment against you. It may cause your property to be held or taken to pay the judgment. You may have legal rights to prevent your property from being taken. A lawyer can advise you more specifically of these rights. If you wish you exercise your rights, you must act promptly.

The law provides that certain property cannot be taken. Such property is said to be exempt. There is a debtor's exemption of $300. There are the following other exemptions which may be applicable to you: (1) bibles, school books, sewing machines, uniforms and equipment; (2) most wages and unemployment compensation; (3) social security benefits; (4) certain retirement funds and accounts; (5) certain veteran and armed forces benefits; and (5) certain insurance proceeds. You may have other exemptions or other rights.

If you have an exemption, you should do the following promptly: (1) fill out the attached claim for exemption form and demand for a prompt hearing and (2) deliver the form or mail it to the Sheriff's Office at the address noted.

You should come to court ready to explain your exemption. If you do not come to court and prove your exemption, you may lose some of your property.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELEIGIBLE PERSONS AT A REDUCE FEE OR NO FEE.**

**Lawyer Referral and Information Service**
**1101 Market Street, 11th Floor**
**Philadelphia, PA 19107-2911**
**(215) 238-6333**

# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Marsha H. Neifield, President Judge  Patricia R. McDermott, Deputy Court Administrator

# SC-07-12-14-5464

| | |
|---|---|
| Faye Riva Cohen, Esquire<br>2047 Locust Street<br>Philadelphia, PA 19103 | Mary J. Scott<br>1152 E. Phil Ellena Street<br>Philadelphia, PA 19150 |
| *Plaintiff(s)* | *Defendant(s)* |
| | The PNC Financial Services Group, AKA/DBA: PNC Bank |
| | *Garnishee(s)* |

## WRIT OF EXECUTION
(Money Judgment)

**TO: THE SHERIFF OF PHILADELPHIA COUNTY:**

To satisfy the judgment, interest and costs against the above-captioned defendant(s):

Mary J. Scott

1. You are directed to levy upon property of the defendant(s) and to sell defendant's (s') interest therein:

   1152 E. Phil Ellena Street
   Philadelphia, PA 19150

2. You are also directed to attach the property of the defendant(s) not levied upon in the possession of ___The PNC Financial Services Group,___ ( more )
   (Name of Garnishee)

   All personal property contained therein

   as garnishee, _____ and to notify the garnishee of the following:
   (specifically describe property)

   (a) an attachment has been issued;

   (b) except as provided in paragraph (c) the garnishee is enjoined from paying any debt to or for the account of the defendant and from delivering any property of the defendant or otherwise disposing thereof;

   (c) the attachment shall not include any funds in an account of the defendant with a bank or other financial institution

      (i)    in which funds are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law, or

      (ii)   that total $300 or less. If multiple accounts are attached, a total of $300 in all accounts shall not be subject to levy and attachment as determined by the executing officer. The funds shall be set aside pursuant to the defendant's general exemption provided in 42 Pa. C.S. § 8123.

3. If property of the defendant not levied upon and subject to attachment is found in the possession of anyone other than a named garnishee, you are directed to notify such other person that he or she has been added as a garnishee and is enjoined as above stated.

| | | |
|---|---|---|
| **REAL DEBT** | $ | 7,629.20 |
| **CREDIT** | $ | 0.00 |
| **INTEREST from** 03/13/2008 | $ | 1,917.87 |
| **COSTS PAID:** | | |
|   **Prothonotary** | $ | 82.00 |
|   **Sheriff** | $ | |

**ATTEST**

MAY 0 4 2012

NORA TAYLOR

Joseph Evers, Prothonotary
The Philadelphia Municipal Court

By: *Nora Taylor*
                            Clerk
Date: 5/4/12



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA, 19107

Marsha H. Neifield, President Judge        Patricia R. McDermott, Deputy Court Administrator

# SC-07-12-14-5464

| | |
|---|---|
| Faye Riva Cohen, Esquire<br>2047 Locust Street<br>Philadelphia, PA 19103 | Mary J. Scott<br>1152 E. Phil Ellena Street<br>Philadelphia, PA 19150 |
| *Plaintiff(s)* | *Defendant(s)* |

### Overflow of Writ Garnishee Name List

AKA/DBA: PNC Bank

# WRIT OF EXECUTION

## THE PHILADELPHIA MUNICIPAL COURT

CLAIM NO. _____SC-07-12-14-5464_____ , 05/04/2012

```
Faye Riva Cohen, Esquire
2047 Locust Street
Philadelphia, PA 19103




                                                                  Plaintiff(s)

Mary J. Scott
1152 E. Phil Ellena Street
Philadelphia, PA 19150




                                                                  Defendant(s)
```

File No. _____

PHILADELPHIA SHERIFF'S OFFICE
2012 MAY 18 AM 9:17

# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### 34 South 11th Street, Philadelphia, PA. 19107

Louis J. Presenza, President Judge    Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

**Code:** Other - (13)

**# SC-07-12-14-5464**

| | |
|---|---|
| Faye Riva Cohen, Esquire<br>2047 Locust Street<br>Philadelphia, PA 19103 | Mary J. Scott<br>1152 E. Phil Ellena Street<br>Philadelphia, PA 19150 |
| *Plaintiff* | *Defendant(s)* |

**Service Address (information) if other than above:**

---

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

TO THE DEFENDANT: The above named plaintiff asks judgment in this Court against you for $10,000.00, the jurisdictional limit of this honorable Court, plus court costs upon the following claim: Mary J. Scott ("Defendant") retained Faye Riva Cohen, Esquire ("Plaintiff"), on June 17, 2002, to appeal salary adjustments that were an offset in a former workers' compensation claim in which Defendant had been represented by other counsel, as well as penalty provisions. (See Exhibit "1"). Plaintiff performed the necessary legal work for Defendant. Defendant made several payments, but still carried a substantial balance with Plaintiff. As of May 11, 2005, Defendant owed a balance of $5,071.52. (See Exhibit "2"). Interest in the amount of $4,761.02, calculated at 1.5% monthly (18% annually), accrued from December 15, 2003, and continues to accrue through the date of disposition of this matter. With compounded interest at 1.5% monthly (18% annually), accruing from December 15, 2003, plus attorney's fees and costs for collection at 35% of the balance due, in the amount of $1,775.03, the total is $12,496.74. Plaintiff respectfully requests that judgment be entered against Defendant and in favor of Plaintiff in the amount of Ten Thousand Dollars ($10,000.00), the jurisdictional limit of this Court, plus court costs and fees.

---

## Summons to the Defendant

You are hereby ordered to appear at a hearing scheduled as follows:

## Citation al Demandado

Por la presenta, Usted esta dirijido a presentarse a la siguiente:

**Philadelphia Municipal Court**
4th Floor of 34 S. 11th Street, Phila. PA
**Court Room**    4D    **at** 09:15 AM **on**
February 19th, 2008

### Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 5071.52 |
| Interest | $ | 4761.02 |
| Attorney Fees | $ | 1775.03 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 11607.57 |
| Service | $ | 27.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.00 |
| Court Costs | $ | 40.00 |
| **TOTAL CLAIMED** | $ | 11689.57 |

Date Filed: 12/14/2007

---

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

FAYE R COHEN

2047 LOCUST ST
PHILADELPHIA, PA 19103
215-563-7776

**Signature Plaintiff/Attorney**          **Address & Phone**
Atty ID #: 018839

**NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICES.**

**AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.**

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.

### Law Office of Faye Riva Cohen
2047 Locust Street
Philadelphia, PA 19103

Ph:(215) 563-7776          Fax:(215) 563-9996

Mary Scott

May 11, 2005

**Attention:**

File #:    1085.02-000
Inv #:         Sample

**RE:**    Duplicate file of Mary J. Scott

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jun-17-02 | Regular consultation | 1.00 | 175.00 | FRC |
| Jul-12-02 | Conversation w/client re whistleblower (not workers' comp) | 0.10 | 17.50 | FRC |
| Jul-16-02 | Voicemail and conversation w/client re issues (consultation) | 0.40 | 70.00 | FRC |
| Jul-18-02 | Conversation w/Larry Brandenberg and Bob Miller (combination) | 0.20 | 35.00 | FRC |
| Jul-20-02 | Review file/Pitt's file/conversation w/client and organize file partially federal | 4.30 | 752.50 | FRC |
| Jul-21-02 | call from client and explain issues to her | 1.00 | 175.00 | FRC |
| Jul-22-02 | call to Ludwig and Bellows | 1.00 | 175.00 | FRC |
|  | calls to Snyder, Pitt, hearing office, fax from client | 0.50 | 87.50 | FRC |
| Jul-24-02 | Call to Snyder and from client re 120 days to serve court (fed.) | 0.20 | 35.00 | FRC |
| Jul-25-02 | Client issues re Bacote service | 0.40 | 70.00 | FRC |
| Jul-28-02 | Conversation w/ Brandenberg re all state employees | 0.40 | 70.00 | FRC |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Jul-31-02 | Calls to Brandenberg/Miller/Office of General Counsel/client ✳ | 0.50 | 87.50 | FRC |
| Aug-05-02 | Hearing extension | 0.30 | 52.50 | FRC |
| Sep-22-02 | Medical diagnosis center bill | 0.10 | 17.50 | FRC |
| Sep-27-02 | Client's record of her two compensation issues workloads | 0.10 | 17.50 | FRC |
| Oct-05-02 | Listen to voicemails, speak w/client | 0.50 | 87.50 | FRC |
| Oct-13-02 | Pitt issue ✳ | 0.30 | 52.50 | FRC |
| Oct-14-02 | Service issues re summons (fed.) ✳ | 0.30 | 52.50 | FRC |
| Oct-15-02 | conference w/FRC re assignment | 0.10 | 6.00 | JWC |
|  | Review of file | 0.50 | 30.00 | JWC |
|  | research workers' comp penalty provisions | 0.50 | 30.00 | JWC |
| Oct-17-02 | service of summons issues (fed.) ✳ | 0.10 | 17.50 | FRC |
| Oct-18-02 | listen to client call on voicemail | 0.20 | 35.00 | FRC |
| Nov-05-02 | conference w FRC re assignment | 0.10 | 6.00 | JWC |
| Nov-06-02 | Meeting with client | 0.60 | 105.00 | FRC |
| Nov-07-02 | Jenkins law library - pick up latest workers' comp law and rules | 0.50 | 87.50 | FRC |
| Nov-09-02 | Review rules faxed from Harrisburg | 0.50 | 87.50 | FRC |
| Nov-11-02 | Review workers comp updates from Jenkins | 1.50 | 262.50 | FRC |
| Nov-13-02 | Conversation w/Snyder and investigator Karen Porter (EEOC) ✳ | 0.50 | 87.50 | FRC |
| Nov-17-02 | Call from client re fraud issues, EEOC ✳ | 0.10 | 17.50 | FRC |
| Nov-19-02 | Letter to all persons client asked FRC to write to | 2.10 | 367.50 | FRC |

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| Nov-21-02 | Call from client | 0.50 | 87.50 | FRC |
| | conference w/FRC re assignment | 0.10 | 6.00 | JWC |
| | Research possible claims under penalty petition | 0.40 | 0.00 | JWC |
| Nov-26-02 | conference w/FRC re memo | 0.10 | 6.00 | JWC |
| | review materials | 0.40 | 24.00 | JWC |
| | Draft memo | 0.70 | 42.00 | JWC |
| Nov-27-02 | Letter from Snyder, called client | 0.40 | 70.00 | FRC |
| Dec-02-02 | Prepare for hearing workers comp | 2.30 | 402.50 | FRC |
| | Attend hearing | 1.80 | 315.00 | FRC |
| Dec-03-02 | Research PA code | 0.20 | 12.00 | JWC |
| Dec-06-02 | Review Snyder's letter to client | 0.10 | 17.50 | FRC |
| Dec-11-02 | Motion to dismiss issues (fed.) | 0.20 | 35.00 | FRC |
| | conference w/FRC re assignment | 0.10 | 6.00 | JWC |
| Dec-13-02 | Call from client/Unger (fed.) | 0.10 | 17.50 | FRC |
| Dec-15-02 | Issues regarding service (fed.) | 0.30 | 52.50 | FRC |
| Dec-16-02 | Client/Unger/Clerk & Bowman | 0.20 | 35.00 | FRC |
| | Call from Unger (fed.) | 0.30 | 52.50 | FRC |
| Dec-31-02 | Review file | 1.00 | 60.00 | JWC |
| | Conference w/FRC by phone | 0.10 | 6.00 | JWC |
| Jan-07-03 | conference w/FRC re next motion | 0.10 | 6.00 | JWC |
| | Conference w/FRC; research | 0.30 | 18.00 | JWC |

| Jan-11-03 | Start workers comp brief - review research ✗ | 3.50 | 612.50 | FRC |
| Jan-13-03 | research WC issues | 0.30 | 24.00 | ASB |
| | review brief | 0.30 | 18.00 | JWC |
| | Write brief; edit/revise brief; confer w/FRC; phone calls, review exhibits | 6.40 | 384.00 | JWC |
| Jan-15-03 | Met w/client, discussed exhibits, review draft brief, Pomerantz discussion | 3.50 | 612.50 | FRC |
| | Conference w/FRC re assignment; proofread brief; edit brief; conference re further research and revision; research penalties | 2.50 | 150.00 | JWC |
| Jan-16-03 | Research differences: §991 vs. §996 of 77 PS | 0.40 | 24.00 | JWC |
| | Research §996 "unreasonable" claims cases | 2.00 | 120.00 | JWC |
| | Draft memo re: unreasonable claims | 0.80 | 48.00 | JWC |
| Jan-17-03 | Finalize brief, insert research, exhibits, copies, mail ✗ | 8.00 | 1,400.00 | FRC |
| Jan-27-03 | Research workers comp issues | 0.10 | 8.00 | ASB |
| Feb-19-03 | Review fax | 0.20 | 12.00 | JWC |
| Aug-05-03 | took call re hearing dates | 0.10 | 6.00 | JWC |
| Aug-08-03 | read decision | 0.30 | 60.00 | FRC |
| Aug-25-03 | review letter from Labor Dept. | 0.30 | 18.00 | JWC |
| Aug-26-03 | Research PA WC section 998;conference w/FRC re appeals and fees; research WC appeals process; call Commonwealth Court; memo re procedures; call from Commonwealth Court; call to Commonwealth Court again; call from Commonwealth Court; review fax | 3.10 | 186.00 | JWC |
| Aug-27-03 | conference w/JWC re appeal procedure | 0.20 | 40.00 | FRC |
| | Drafted letter to MS re options | 0.40 | 24.00 | JWC |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Aug-28-03 | review appeal procedure | 0.20 | 40.00 | FRC |
| Aug-29-03 | Review opinion for fee agreement insight; contact WC board office; conference w/FRC re call; call WC clerk's office; call back from WC clerk's office | 0.90 | 54.00 | JWC |
| Sep-17-03 | call from client | 0.10 | 20.00 | FRC |
|  | Conference w/FRC re petition issue; research 77-996; research cases under 996; research find in favor issues re fees; research quantum meruit claims; call WC office in Harrisburg; conference w/FRC re issues to deal with; find file in basement; call WC office in Harrisburg; conference w/FRC re: call; review fax; draft letter to Donna McQuiggan; Susan Snyder | 3.60 | 216.00 | JWC |
| Sep-18-03 | Revise letter to Snyder; review brief for info for letter; fix computer glitch; conference w/FRC re letter; finish letter to McQ; finish letter to Snyder; prepare enclosures to Snyder | 3.40 | 204.00 | JWC |
| Sep-22-03 | Review letter from McQuiggan; take call from commissioner | 0.30 | 18.00 | JWC |
| Oct-20-03 | review file for phone number; call WC appeal board; conference w/FRC; draft fax to Bob Giles | 0.80 | 48.00 | JWC |
| Oct-27-03 | Conferences w/FRC; revise fax; call WC | 1.30 | 78.00 | JWC |
| Dec-01-03 | Conference w/FRC to follow up | 0.10 | 6.00 | JWC |
| Dec-15-03 | Review file for latest communication; call Bob Giles; call Judy Goodling; call from Judy Goodling; draft fax to JG (letter of 10/28) | 0.80 | 48.00 | JWC |
| Aug-29-04 | FRC: Issue re attorney's fee, billing | 0.40 | 80.00 | FRC |
|  | Totals | 72.90 | $8,999.50 |  |

## DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| Jan-17-03 | 45 pages x 7; 1020 page record | 333.75 |
|  | 315 page brief | 78.75 |
| Jan-27-03 | Costs - copies, long distance calls/faxes, travel, parking | 172.25 |

| | | |
|---|---|---:|
| Aug-25-03 | 25 copies; 2 long distance calls | 8.25 |
| Oct-20-03 | Costs | 3.00 |
| Dec-15-03 | Facsimile expense; long distance to Spector | 1.00 |
| | Long distance; 2x Bob Giles; Julie Gooding | 2.00 |
| | Totals | $599.00 |

| | |
|---|---:|
| **Total Fee & Disbursements** | $9,598.50 |
| Retainers Applied | 4,526.98 |
| **Balance Now Due** | **$5,071.52** |

## PAYMENT DETAILS

| | | |
|---|---|---:|
| Jan-17-02 | Retainer | 3,500.00 |
| Oct-14-02 | Fees for services rendered | 26.98 |
| Mar-03-03 | Fees for services rendered | 200.00 |
| Apr-01-03 | Fees for services rendered | 200.00 |
| May-01-03 | Fees for services rendered | 200.00 |
| Jun-01-03 | Fees for services rendered | 200.00 |
| Jun-30-03 | Fees for services rendered | 200.00 |
| | **Total Payments** | **$4,526.98** |

## FAYE RIVA COHEN, ESQUIRE, ATTORNEY AT LAW
### 1427 SPRUCE STREET, PHILADELPHIA, PA 19102
### (215)735-3373/FAX (215)735-2723

(Page 1 of 2)(employment, labor, discrimination, civil rights, private disability)
I/We, _Mary J. Scott_ , having disability issues and/or worker's compensation issues surrounding or concerning my former or current employment, unemployment compensation, representation by my/our labor union, matters concerning my/our collective bargaining agreement, discrimination, and/or violation(s) of my/our civil rights, hereby retain Faye Riva Cohen, Esquire, as my/our attorney(s) in this matter to represent me/us in this matter, and to process, negotiate, arbitrate and/or litigate any action relating to this representation.

In consideration of Attorney Cohen's agreement to represent me/us in connection with all rights, actions and claims which I/we now have or which may arise in the future as a result of the above, I/we hereby agree:
1. To supply promptly, truthfully and completely all information, dates and material or documents requested by Attorney Cohen, as she determines are necessary or useful for the furtherance of these claims;

2. (a) To pay all costs and expenses incidental to the performance of legal services at all stages of representation. The terms "costs" and "expenses" shall include reproduction and/or copying costs which will be billed at $.25 a page; $.25 a page for each page of each document sent or received via telefax; filing fees; court costs; toll and long-distance telephone charges; postage charges; messenger fees, whether delivered by internal method or through hiring external services; transportation charges; record duplication fees; expert witness fees; subpoena fees; fees for obtaining medical records and/or business records, and all other disbursements necessary to the proper performance of legal services as are determined necessary by Attorney Cohen. I understand that all of the above-mentioned types of costs may not be incurred in my case.

(b) The terms "costs" and "expenses" shall also include research charges or fees incurred by the use of manual research methods or computerized research services, as well as charges for the services of law clerks, attorneys, legal assistants or paralegals which Attorney Cohen, at her discretion, decides to hire and/or contract with, for the purpose of helping her in the performance of services necessary to my representation, including, but not limited to, conducting research and preparing motions and pleadings. I hereby grant my permission for the afore-mentioned individuals to work on my case, and I agree that Attorney Cohen may bill for their services as a cost or expense, at rates between $50 and $85 an hour, depending on the type of services rendered.

(c) If Attorney Cohen decides to advance all or some costs and expenses at her discretion, as they are incurred, I agree to reimburse her as soon as I can, and if said costs are not reimbursed at the time I receive funds recovered by way of settlement o verdict from any pending litigation, said costs may be added to my attorney's share of said settlement or verdict upon receipt of funds.

3. (a) I/we agree to pay Attorney Cohen on an hourly rate basis for the year 2002 in the amount of $175.00 an hour, plus costs and expenses. Services to be rendered past the year 2002 will be contracted for at the hourly rate established by Attorney Cohen for successive years. I/we have agreed to pay Attorney Cohen for _20_ hours of services or $3500. All amounts paid are non-refundable, but any unused amount may be applied toward other services as required. Attorney Cohen does not guarantee that the retainer will be sufficient to cover all of the legal services necessary in my/our matter. Attorney Cohen will consult with me/us when said retainer is used, and/or will send a bill, and no further services will be rendered once the retainer is used unless they are paid for in advance. _& $25 LRis fee for a ½ hour consultation was billed for in the retainer. This fee is separate from representation in a federal lawsuit._

(b) It is further understood that the counsel fee payable as provided in this paragraph does not include services in any appeal after trial; and if an appeal should be brought or defended, the charge for such appeal shall be such as is mutually agreed upon between me/us and my/us and my/our attorney(s).

(c) I/we understand that Attorney Cohen's office may not in the normal course of business send statements of time and costs spent to date on my/our matter. Said statements will be issued when the retainer is used, prior to a new retainer being requested, and when this type of statement is requested by me/us.

(Page 2 of 2)

(d) I/we agree not to settle and/or adjust the above claim or any proceeding based thereon without first consulting my/our attorney(s) and obtaining their written consent.

(e) I/we agree to fully cooperate with my/our said attorney(s) in the prosecution of the claim that comprises the subject matter of the Agreement. This includes, but is not limited to, making myself/ourselves available for legal proceedings, for consultations with my/our said attorney(s), and keeping my/our said attorney(s) informed as to my/our current mailing address and telephone number.

4. I/we further state that I/we are at least eighteen (18) years of age, that I/we have read and do understand this Agreement and that I/we intend to agree that it shall be fully binding upon me/us, my/our heirs, executors and assigns. I/we further understand that Attorney Cohen's office does not guarantee the success or results of their representation.

5. If, through death, injury, retirement or other reasons, Faye Riva Cohen, Esquire, can no longer represent me/us, Attorney Cohen or her Executors shall secure the services of a successor attorney.

6. I/we appoint Faye Riva Cohen, Esquire as my/our attorney(s) and give her/them a complete Power of Attorney in this matter including the authority to sign documents on my/our behalf and all other authority inherent to a Power of Attorney.

7. In the event that I/we decide to terminate our representation by Attorney Cohen, or she decides to terminate my/our representation, all fees and costs accrued and not paid shall be paid within thirty (30) days of said termination. In the alternative, if Attorney Cohen so agrees, my/our new attorney shall agree to protect Attorney Cohen's interest to the extent of fees and costs incurred. If more than one party signs this agreement it is understood that each party agrees to be responsible for the _total_ bill.

8. Collection Procedures: In the event I do not pay Faye Riva Cohen, Esquire the amount she is owed out of funds which I have received though her efforts, of which she was to have received a percentage as noted above, then I agree to pay for all collection costs including reasonable attorney's fees and the costs of collection, including court costs and filing fees which her office incurs in collecting said sums from me. Unless limited by law, reasonable attorney's fees will be considered to be 35% of my/our outstanding balance.

9. Interest: I agree that if I do not pay Faye Riva Cohen, Esquire the fee and costs due to her from any sums which I have received due to efforts on her behalf, then Attorney Cohen may charge me interest at the rate of 1.5% a month, compounded, not to exceed Eighteen (18%) a year, to begin thirty (30) days after the bill has been sent.

IN WITNESS THEREOF, the parties have hereunto set their hands and seals on this 17th day of June , 2002. I/We acknowledge that I/We have retained a copy of this Agreement and returned the original to Attorney Cohen.

FAYE RIVA COHEN, ESQUIRE _____ (SEAL)

CLIENT(S) _____ (SEAL)

Witness: Patricia Smith _____ (SEAL)
Dated: June 17, 2002

Mary Scott
1152 E. Philellena St.
Philadelphia, PA 19150-2018

60-8111/2313

0283

Date 6/17/02

Pay to the
Order of Faye Riva Cohen                           $ 3500

Thirty Five Hundred                                    Dollars

PENNSYLVANIA STATE EMPLOYEES   C1  5270  50
CREDIT UNION
HARRISBURG, PA 17110-2990

*I will lift up mine eyes unto the hills, from
whence cometh my help...* Psalm 121:1

For attorney Fees.                          Mary J Scott

⑆231381116⑆028 3⑆ 045985976⑆66 ⑈0000350000⑈

© IMAGE CHECKS, 1997                           INSPIRATION            1-800 562-8768   www.imagechecks.com

---

72253 861882 755 035
FRB-PHILA*RCPC-GROUP
140171054  0310-0004-0
140171054  06-18-02

PAY TO THE ORDER OF
PNC BANK
03102553
FOR DEPOSIT ONLY
FAYE RIVA COHEN, ESQ.
ATTORNEY ACCOUNT
861533846

⑆031000053⑆
PNC 8800 TINICUM PHL PA
66172002 FK:69 E:2697
2500097 17:0

⑧

# EXHIBIT 1

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:02-cv-03799-JED
### Internal Use Only

SCOTT v. COMMONWEALTH OF PA, DPW
Assigned to: HONORABLE JAN E. DUBOIS
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 42:1983 Civil Rights (Employment Discrimination)

Date Filed: 06/17/02
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

---

**MARY J. SCOTT**                  represented by  **MARY J. SCOTT**
                                                   1152 E. PHIL ELLEN STREET
                                                   PHILADELPHIA, PA 19150
                                                   PRO SE

**V.**

**Defendant**

---

**COMMONWEALTH OF PA, DPW**        represented by  **SUE ANN UNGER**
                                                   OFFICE OF ATTORNEY GENERAL
                                                   21 S. 12TH ST., 3RD FL
                                                   PHILADELPHIA, PA 19107-3603
                                                   215-560-2127
                                                   Fax : 215-560-1031
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
|  |  |  |

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**JD**

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARY J. SCOTT                    :        CIVIL ACTION
                                 :
                    v.           :
COMMONWEALTH OF                  :
PA · DEPARTMENT OF               :        NO.   02—3799
PUBLIC WELFARE                   :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a.)  Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.                                      (  )

(b.)  Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      (  )

(c.)  Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.                    (  )

(d.)  Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.                                                 (  )

(e.)  Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management case.)                                 (  )

(f.)  Standard Management - Cases that do not fall into any one of the other tracks.

6/15/02
_____
Date

JUN 17 2002

MARY J. SCOTT
_____
Print Name of Pro Se Plaintiff

_____
Signature of Pro Se Plaintiff

PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Case 2:12-cv-03252-JD   Document 1   Filed 06/08/12   Page 21 of 37

Address of Plaintiff: *1426 C. PHILMENA ST*

Address of Defendant: *1400 SPRING GARDON ROOM 202C*

Place of Accident, Incident, or Transaction: *1400 SPRING GARDON RM 202C*

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                    Yes ☐   No ☐

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes in answered to any of the following questions:

1.) Is this case related to property included in an earlier numbered suit
pending or within one year previously terminated action in this court?          Yes ☐   No ☐

2.) Does this case involve the same issue of fact or grow out of the same
transaction as a prior suit pending or within one year previously
terminated action in this court?                                                Yes ☐   No ☐

3.) Does this case involve the validity or infringement of a patent already
in suit or any earlier numbered case pending or within one year
previously terminated action in this court?                                     Yes ☐   No ☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.    Federal Question Cases:

1.)  ☐ Indemnity Contract, Marine Contract, and
all Other Contracts

2.)  ☐ FELA

3.)  ☐ Jones Act-Personal Injury

4.)  ☐ Antitrust

5.)  ☐ Patent

6.)  ☐ Labor-Management Relations

7.)  ☐ Civil Rights

8.)  ☐ Habeas Corpus

9.)  ☐ Securities Act(s) Cases

10.) ☐ Social Security Review Cases

11.) ☐ All other Federal Question Cases
(Please specify)

B.    Diversity Jurisdiction Cases:

1.)  ☐ Insurance Contract and Other Contracts

2.)  ☐ Airplane Personal Injury

3.)  ☐ Assault, Defamation

4.)  ☐ Marine Personal Injury

5.)  ☐ Motor Vehicle Personal Injury

6.)  ☐ Other Personal Injury (Please specify)

7.)  ☐ Products Liability

8.)  ☐ Products Liability - Asbestos

9.)  ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages
recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

JUN 17 2002

_6/15/02_
Date

_____
Print Name of Pro Se Plaintiff

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this
court except as noted above.

_____
Date

_____
Signature of Pro Se Plaintiff



**WORKERS' COMPENSATION APPEAL BOARD**
CAPITOL ASSOCIATES BUILDING
901 N. 7TH STREET, 3RD FLOOR SOUTH
HARRISBURG, PA 17102-1412

**LABOR & INDUSTRY**
DEPARTMENT OF
COMMONWEALTH OF PENNSYLVANIA

717-783-7838                    www.dli.state.pa.us

November 21, 2002

Faye Riva Cohen, Esquire
2047 Locust Street
Philadelphia, PA 19103

RE:    Mary Scott v. Philadelphia Public Assistance Office
        A02-1519

Dear Ms. Cohen:

I am in receipt of your fax dated November 19, 2002, regarding the above captioned.

The Workers' Compensation Appeal Board's scope of review is limited to a determination of whether there was an error of law or abuse of discretion committed by the Judge and whether the Judge's findings of fact are based upon substantial evidence. Since we are not the fact finders and are precluded from taking additional evidence; we do not issue subpoenas.

Your request to file claimant's brief 30 days after the December 3rd hearing is granted. A briefing schedule for defense counsel will be established at the time of oral argument.

I trust this information is helpful. If I can be of further assistance, please contact me.

Sincerely,

Donna McQuiggan

Donna D. McQuiggan
Administrative Officer

Cc:    Jeffrey Snyder, Esquire





*LAW OFFICE OF FAYE RIVA COHEN*

2047 *Locust Street • Philadelphia, Pennsylvania* 19103
*Phone* (215) 563-7776 • *Fax* (215) 563-9996
*E-Mail* fayercohen@aol.com



January 17, 2003

Acting Secretary
Workers' Compensation Appeal Board
Department of Labor and Industry
Capital Associates Building
901 N. 7th Street, 3rd Floor South
Harrisburg, PA 17102-1412

> Re:    *Mary Scott v. Commonwealth of PA/Public Welfare*
>        S. S. No.: ~~████████~~
>        Claim No. ~~████████~~
>        Date of Injury: 07/01/99
>        Case No.: A02-1519

Dear Acting Secretary:

Enclosed please find an original and five (5) copies of Claimant's Brief in Opposition to Judge's Decision. Kindly file the original of record and return the extra copy to me, time-stamped, in the enclosed self-addressed stamped envelope. In my discussion with a representative of your office recently, she advised that the date of postmark is sufficient to comply with the extension.

Thank you.

Very truly yours,

The Law Firm of Faye Riva Cohen

FAYE RIVA COHEN

FRC:pat
Enclosures
cc: Jeffrey D. Snyder, Esquire  (w/encl.)

# The Law Firm David Oh, P.C.

DAVID H. OH∗
TRISTRAM HEINZ∗
BRIAN F. HUMBLE∗
ELLEN M. FOLEY McCANN∗‡
EMMA L. OH∗
CATHLEEN A. SABATINO∗
JEFFREY D. SNYDER∗♦
CLIFFORD K. WEBER∗∗

OF COUNSEL
ALBERT LAUFER∗♦
JENNIE M. SHI∗♦

THE NORTH AMERICAN BUILDING
AVENUE OF THE ARTS
121 S. BROAD STREET, 14TH FLOOR
PHILADELPHIA, PA 19107
OFFICE (215) 732-3244 • FAX (215) 732-2779
EMAIL: DAVIDOH@FAST.NET
WEB PAGE: WWW.LAWDRAGON.COM

SOUTH JERSEY OFFICE:
220 N. CENTRE STREET
MECHANTVILLE, NJ 08109
(856) 665-2401

REPLY TO:
PHILADELPHIA OFFICE

∗ admitted to the bar of NJ
∗∗ admitted to the bar of NY
‡ admitted to the bar of PA
♦ admitted to the bar of MA
♦ admitted to the bar of DC
registered to practice before
US Patent and Trademark Office

January 21, 2003

Acting Secretary
Workers' Compensation Appeal Board
Department of Labor and Industry
Capitol Associates Building
901 N. 7th St., 3rd Floor South
Harrisburg, PA 17102-1412

     Re:   **Mary Scott v. Commonwealth of PA/Public Welfare**
           **S. S. No:** ~~███████~~
           **Claim No:** ~~███████~~
           **Date of Injury: 07/01/99**
           **Our File No: 9912001**
           **Case No: A02-1519**

Dear Acting Secretary:

I represent the defendant/appellee in the captioned matter.

I am in receipt of a copy of a brief filed on behalf of the claimant. That brief contains numerous exhibits that are abhors the record. My recollection is that the claimant's attorney was told at oral argument that no additional evidence would be accepted by the Board. In any event, I ask that the exhibits appended to the claimant's brief be stricken.

In addition, in reviewing the brief submitted on behalf of the claimant, the first full sentence on page 10 of that brief seems to indicate that the claimant's attorney has been paid some type of retainer and perhaps additional attorney fees as well. As the Board is aware, all legal fees charged to a claimant must be approved in advance. (Sections 442 and 501 of the Act) We respectfully defer to the Board's judgment regarding the nature and extent of any appropriate investigation relative to this issue.

Thank you.

Very truly yours,

The Law Firm David Oh, P.C.

Jeffrey D. Snyder

JDS/js

# EXHIBIT 2



COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF ATTORNEY GENERAL

MIKE FISHER                         February 26, 2003
ATTORNEY GENERAL

                                        21 S. 12th Street, 3rd Floor
                                        Philadelphia, PA 19107-3603
                                        Telephone:  (215) 560-2127
                                              Fax:  (215) 560-1031
                                    E-Mail: sunger@attorneygeneral.gov

The Honorable Jan E. DuBois
United States District Court
12613 United States Courthouse
601 Market Street
Philadelphia, PA  19106-1766

        Re:  *Scott V. Commonwealth of Pennsylvania, et al.*
             Civil Action No. 02-3799

Dear Judge Dubois:

        Pursuant to the direction of this Court during the telephone
conference of February 20, 2003, I have facilitated service in the above
matter by obtaining leave to sign a waiver of service of summons form
for Defendant Pennsylvania Department of Public Welfare.  I have sent
the signed waiver to the Clerk of Court.

                            Respectfully,

                            Sue Ann Unger
                            Senior Deputy Attorney General

SAU:bjtk
Enclosure
cc: Mary Scott

FILED
JUL 2 3 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY J. SCOTT                               :        CIVIL ACTION
            Plaintiff,                   :
                           :
       v.                          :
                           :        NO. 02-3799
COMMONWEALTH OF PA. DPW.                     :
            Defendant.                   :

ENTERED
JUL 2 4 2003
CLERK OF COURT

## O R D E R

      **AND NOW**, this 23rd day of July, 2003, upon consideration of a Formal Request for Discovery submitted to the Court by plaintiff, Mary J. Scott, appearing *pro se*,[1] and the Response to Plaintiff's Formal Request Regarding Discovery submitted by defendant, **IT IS ORDERED** that the Formal Request for Discovery submitted to the Court by plaintiff, Mary J. Scott, appearing *pro se*, is **DENIED** on the present state of the record.   The denial of the request is **WITHOUT PREJUDICE** to the right of the said *pro se* plaintiff to renew the request, if appropriate, at a later stage in the proceeding.

                                     BY THE COURT:

                                      _____
                                      JAN E. DUBOIS, J.

---

[1] A copy of *pro se* plaintiff's Formal Request for Discovery contained in a letter dated July 19, 2003, shall be docketed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 0 6 2003

MARY J. SCOTT                               :        CIVIL ACTION
                    Plaintiff,              :
                                            :
            vs.                             :
                                            :        ENTERED
COMMONWEALTH OF PENNSYLVANIA :               NO. 02-3799
DEPARTMENT OF PUBLIC WELFARE   :                     [AUG. 0 6 ,2003
                    Defendant.              :        CLERK OF COURT

## ORDER

AND NOW, this 4th day of August, 2003, defendant having filed a Motion to Dismiss Plaintiff's Complaint (Document No. 5, filed December 10, 2002), and plaintiff having submitted three documents which purportedly respond to the Motion to Dismiss, only one of which, a document with attachments dated February 5, 2003, has been docketed, **IT IS ORDERED** that the Clerk of Court shall docket the following documents submitted by *pro se* plaintiff:

1. Document dated July 24, 2003, with attachments which begins with the statement "I am requesting that the Commonwealth of PA. DPW Motion to Dismiss is denied, as a result of my original Complaint was never investigated by the Attorney General Dept. Which allowed the Commonwealth DPW, to continue with there fraudulents and wilful actions;" and,

2. Document entitled "Response to Defendant Motion to Dismiss Dated 12/10/02," received August 4, 2003, with attachments.

BY THE COURT:

JAN E. DUBOIS, J.

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## NO. 03-3971

### Mary J. Scott

### v.

### Commonwealth of Pennsylvania, DPW

The Clerk will enter my appearance as Counsel of Record for **Commonwealth of Pennsylvania, Department of Public Welfare**

(Please list names of all parties represented)

who IN THIS COURT is

☐ Petitioner(s)     Respondent(s)     ☐

☐ Appellant(s)      Appellee(s)       X

☐ Intervenor(s)     Amicus Curiae     ☐

Signature _____

(Type or Print) Name  Sue Ann Unger, Senior Deputy Attorney General

Mr.     Ms.     (Mrs.)     Miss

Firm  Office of Attorney General
Address  21 S. 12th Street, 3rd Floor
City & State  Philadelphia, PA 19107-3603
Phone (215) 560-2127
Fax (215) 560-1031
E-Mail Address  sunger@attorneygeneral.gov

ONLY COUNSEL OF RECORD SHALL ENTER AN APPEARANCE.
THAT ATTORNEY WILL BE THE ONLY ONE NOTIFIED OF THE
COURT'S ACTION IN THIS CASE. OTHER ATTORNEYS WHO
DESIRE NOTIFICATION SHOULD MAKE APPROPRIATE
ARRANGEMENTS WITH COUNSEL OF RECORD.

ONLY ATTORNEYS WHO ARE MEMBERS OF THE BAR
OF THE COURT OF APPEALS FOR THE THIRD CIRCUIT OR WHO
HAVE SUBMITTED A PROPERLY COMPLETED APPLICATION FOR
ADMISSION TO THIS COURT'S BAR MAY FILE AN APPEARANCE
FORM. (BAR ADMISSION IS WAIVED FOR FEDERAL ATTORNEYS.)

IT IS IMPORTANT THAT ALL REQUESTED INFORMATION BE PROVIDED.

# WAIVER

## Supreme Court of the United States

### No. 04-5908

| Mary J. Scott | v. | Pennsylvania Department of Public Welfare |
|---|---|---|
| (Petitioner) | | (Respondent) |

**I DO NOT INTEND TO FILE A RESPONSE** to the petition for a writ of certiorari unless one is requested by the Court.

Please check the following boxes:

___  Please enter my appearance as Counsel of Record for all respondents.

_X_  There are multiple respondents, and I do not represent all respondents.  Please enter my appearance as Counsel of Record for the following respondents(s):

Commonwealth of Pennsylvania, Department of Public Welfare

I certify that I am a member of the Bar of the Supreme Court of the United States (Please explain name change since bar admission):

Signature: _Howard G. Hopkirk_

Date: August 27, 2004

(Type or print) Name  Howard G. Hopkirk, Deputy Attorney General

_X_ Mr.      ___ Ms.      ___ Mrs.      ___ Miss

Firm  Office of Attorney General

Address  15th Floor, Strawberry Square

City & State  Harrisburg, PA                                    Zip 17120

Phone  (717) 783-1478

SEND A COPY OF THIS FORM TO PETITIONER'S COUNSEL OR TO PETITIONER IF *PRO SE*.  PLEASE INDICATE BELOW THE NAME(S) OF THE RECIPIENT(S) OF A COPY OF THIS FORM.  NO ADDITIONAL CERTIFICATE OF SERVICE IS REQUIRED.

Mary J. Scott
1152 E. Phil Ellena Street
Philadelphia, PA 19150-3119

Obtain status of case on the docket.  By phone at 202-479-3034 or via the internet at http://www.supremecourtus.gov.  Have the Supreme Court docket number available.

# EXHIBIT 2

AGREEMENT

BETWEEN

COMMONWEALTH OF PENNSYLVANIA



return.   Employees shall not earn annual, personal and sick leave while on parental leave without pay.  Paid leave is not to be included when calculating the 6 month entitlement.

### Section 8.   Guidelines

Guidelines established by the Secretary of Administration regarding parental leave are published through the Directives Management System (Reference Management Directive 530.2).  Guidelines regarding State-paid benefits while on parental leave are published through the Directives Management System (Reference Management Directive 530.4).

**Section 9.**   It is understood by both parties that the provisions of this Article are consistent with the Family and Medical Leave Act of 1993, 29 USC Section 2601 et seq. and that leave granted in accordance with this Article shall be designated as leave under the provisions of the Act.

## ARTICLE 19
## WORK-RELATED INJURIES



**Section 1.**   An employee who sustains a work-related injury, during the period of this Agreement, as the result of which the employee is disabled, if so determined by a decision issued under the operation of the Workers' Compensation Program, shall be entitled to use accumulated sick, annual, or personal leave or injury leave without pay.  While using accumulated leave, the employee will be paid a supplement to workers' compensation of full pay reduced by an amount that yields a net pay, including workers' compensation and social security disability benefits, that is equal to the employee's net pay immediately prior to the injury.  Net pay prior to injury is defined as gross base pay minus federal, state, and local withholding, unemployment compensation tax and social security and retirement contributions.  One full day of accumulated leave (7.5 or 8 hours as appropriate) will be charged for each day the supplement is paid.  Accumulated leave and injury leave without pay may be used for an aggregate of 12 months or for the duration of the disability, whichev-

45

## ARTICLE 49
## TERM OF AGREEMENT

This Agreement shall be effective as of July 1, 1999 except where specifically provided that a particular provision will be effective on another date. This Agreement shall continue in full force and effect up to and including June 30, 2003. It shall automatically be renewed from year to year thereafter unless either party shall notify the other in writing by such time as would permit the parties to comply with the collective bargaining schedule established under the Public Employee Relations Act.

The parties hereto through their duly authorized officers or representatives and intending to be legally bound, hereby have hereunto set their hands and seals this 1st day of July, 1999.

COMMONWEALTH OF PENNSYLVANIA

_____
Thomas G. Paese
Secretary of Administration

_____
Michael J. Hershock, Esq.
Commonwealth Chief Negotiator

_____
Charles H. McCormick
State System of Higher Education

SEIU, LOCAL 668 - PESU

_____
Kate Brown
President

_____
SEIU Local Negotiator

_____
Ann Villoria
Secretary-Treasurer
SEIU Local 668-PESU

COMMONWEALTH OF PENNSYLVANIA

SEIU, LOCAL 668 - PESU

130

131

CONTINGENT FEE AGREEMENT

December 30, 2002
DATE

I (We) hereby constitute and appoint _Gerald J. Pomerantz & Mark S. Scheffer_
as my (our) attorney to prosecute a claim for _class action, denial of_
_due process_ against _responsible parties_. The
claimant is _Mary J. Scott_, and the cause
of action arose on _ongoing violation_

I (We) hereby agree that the compensation of my (our) attorney for
services shall be determined as follows:

_Such fee as the court determines appropriate for lead plaintiff in any class action_
_that may be ripe.  No fee in the event of no recovery; no costs to be assessed_
_against plaintiff._

I (We) was (were) recommended to my (our) attorney by:

_Ellen Walton_

I (We) hereby acknowledge receipt of a duplicate copy of this
Contingent Fee Agreement.

_Mary J. Scott_
NAME                                          NAME

ADDRESS                                       ADDRESS

*Law Offices*

# Pomerantz, Scheffer & Associates ⊕

7ᵀᴴ FLOOR, STEPHEN GIRARD BUILDING
21 SOUTH 12ᵀᴴ STREET
PHILADELPHIA, PA  19107-3603
TELEPHONE (215) 569-8866
FAX (215) 568-6511

GERALD JAY POMERANTZ
MARK S. SCHEFFER
MICHAEL W. JONES
STEVEN J. SCHATZ*

* ALSO ADMITTED IN NEW JERSEY

OF COUNSEL: STUART A. RADICK+

+ ADMITTED IN NEW JERSEY

MONTGOMERY COUNTY OFFICE
———
S.E. COR. SPRING & ELKINS AVENUES
ELKINS PARK, PA 19027

NORTHEAST OFFICE
———
6306 RISING SUN AVENUE
PHILADELPHIA, PA 19111

NEW JERSEY OFFICE
———
100 WHITE HORSE AVENUE
HAMILTON, NJ  08610
(609) 581-0014

⊕ – NOT A PARTNERSHIP

May 20, 2003

Mary J. Scott
1152 E. Phil-Ellena Street
Philadelphia, PA    19150-3119

Re:    Scott v. Commonwealth of Pennsylvania, DPW
       Class Action for Benefits

Dear Ms. Scott:

In reviewing my files I realized that although we discussed on the telephone the fact that our office was not in a position to pursue your cause of action, I had not confirmed this in writing to you.

This letter will therefore confirm that we will not be filing suit or otherwise proceeding on your behalf in connection with the above-referenced matter.

Please feel free to call me if you have any questions.

Sincerely,

GERALD JAY POMERANTZ

GJP:net


Case 2:12-cv-03282-JD  Document 1    Filed 06/08/12    Page 37 of 37

Mary J. Scott,
Petitioner
v.
Workers' Compensation
Appeal Board (Philadelphia
County Assistance Office),
Respondent

Initiating Document: Petition for Review
Case Status: Active

August 11, 2003          Awaiting Original Record
Case Processing Status:

Journal Number:
Case Category:     Administrative Agency

CaseType:          Workers' Compensation Appeal
Board

**Consolidated Docket Nos.:**

**Related Docket Nos.:**

---

## COUNSEL INFORMATION

**Petitioner**          Scott, Mary J.
Pro Se:  ProSe
IFP Status:                            Appoint Counsel Status:
Attorney:   Scott, Mary J.
Bar No.:
Address:       1152 East Philellena Street        Law Firm:
               Philadelphia, PA 19150-2018
               Phone No.: (215)924-5204            Fax No.:

               Receive Mail: Yes

**Respondent**     Philadelphia County Assistance Office
Pro Se:
IFP Status:                            Appoint Counsel Status:
Attorney:   Snyder, Jeffrey David
Bar No.:    38405
Address:    David Oh Law Firm                  Law Firm: Oh, David H., The Law Firm, P.C.
            121 S Broad St 14th Fl
            Philadelphia, PA 19107
            Phone No.: (215)732-3244           Fax No.:

            Receive Mail: Yes

8/12/2003